PARAMOUNT PICTURES, INCORPPORATED, PLAINTIFF-RESPONDENT, v. LOUIS ROVNER AND HADDON AMUSEMENT COMPANY, A CORPORATION, DEFENDANTS-APPELLANTS.

Submitted May 27, 1938—Decided September 16th, 1938.

For the plaintiff-respondent, *Samuel P. Orlando* and *Alexander Feinberg*.

For the defendant-appellant Louis Rovner, *Carl Kisselman*.

For the defendant-appellant Haddon Amusement Company, *Harry Grossman*.

PER CURIAM.

The appeal is from a judgment in the amount of $1,803.40 entered upon a directed jury verdict in the Camden Circuit in favor of the plaintiff and against the defendants. The complaint grounded in five contracts—designated A, B, C, D and E—separately made but nevertheless integrated. The counts grounding in one of these contracts were abandoned at the trial and the judgment was upon the four remaining. The point which we consider well made is that the court erred in directing the judgment in favor of the plaintiff.

Plaintiff was in the business of distributing moving picture films. It sued Louis Rovner, an exhibitor, upon the several contracts because it was he who signed them in his own name and it sued the corporate defendant upon the ground that Rovner, in making the contracts, had acted as its agent. Defendants' counsel conceded in his opening to the jury that

the contract was signed by Rovner in his capacity as agent of Haddon Amusement Company, but the admission did not extend to Rovner's acts other than in the signing of the contract and we find no testimony bearing thereon.

The proofs are not of the conclusive quality essential to the direction of a verdict. We select two incidents in the proofs for illustration.

Plaintiff's witness, Sweigert, testified thus: "*A*. Mr. Rovner, the defendant, disposed of his interest in the theatre to someone else, and he was therefore not in a position to exhibit these films there. *Q*. And he refused to accept them? *A*. Yes." The subject-matter of the examination at that point was a contract, designated in the testimony as contract "A" but which, from the context and from the later abandonment of that contract, we conclude must have been contract "E," for the exhibition of a sound news film once each week for fifty-two weeks, and the amount claimed thereunder according to the testimony was either fifty-two times $4.50 which is $234 or fifty times $4.50 which is $225. The testimony went only to the action of the defendant Rovner, not to that of the corporate defendant, and even as against Rovner was, in strictness, limited to the fifty unplayed films embraced in that one contract. Apparently the testimony was accepted by the court as applying to both of the defendants and to all of the contracts. Whether a jury, with its wider jurisdiction in giving effect to the testimony, might have so found need not be considered. The court was not justified in drawing those inferences as a matter of law from the testimony, and without that testimony there appears to be no such conclusive proof of a breach as to sustain a finding by the court. Further, it is not demonstrated how the amount of the judgment was reached. It does, however, quite clearly appear that some amount is included within the judgment as a "percentage" of the admission receipts on the claim under contract "D." The sum of $250 was fixed by plaintiff's witness on his direct testimony as the correct amount of the "percentage." The sum of $78 was discussed by court and counsel on cross-examination and re-direct. We gather that the

latter figure was used by the court in computing the award. But the basis upon which either figure was arrived at was too confused for the matter to be taken out of the domain of a fact issue. The proofs did not justify the direction of verdict.

The appellant sought, by a motion during the trial to amend its answer, to raise the issue that contrary to the provisions of the contracts plaintiff had not, as a preliminary to the suit at law, resorted to arbitration. The answer as originally filed, upon which the cause went to trial, is not before us. It does not appear that the formal defenses—three in number—printed as a part of the amended answer by which this question is presented were submitted to the trial judge or approved by him as a compliance with his ruling. The printing of the amended answer is prefaced by the statement "Allowed in open court March 7th, 1938," but that does not bear the earmark of being more than an instruction to the printer. The indications are that the trial ended without the presentation or filing of an amended answer. All that we have authentically before us in that respect is the ruling by the court made during the trial generally permitting an amendment to be made. The attempt by the plaintiff to argue that the ruling was erroneous is futile. Plaintiff took no appeal in so far as the record shows. We are not disposed to determine the function of an arbitration upon the present record; the question is reserved. A retrial of the cause will, we believe, result in a clearer record.

The judgment below is reversed, to the end that a *venire de novo* issue.

*For affirmance*—PARKER, WELLS, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.